Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000594
23-DEC-2015
08:22 AM

NO. CAAP-11-0000594

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JASON KAWAKAMI, individually and on behalf of all others
similarly situated, Plaintiff-Appellant/Cross-Appellee,
v.
KAHALA HOTEL INVESTORS, LLC, dba KAHALA HOTEL AND RESORT,
Defendant-Appellee/Cross-Appellant
and
DOE DEFENDANTS 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-2496)

MEMORANDUM OPINION
(By: Foley, Presiding Judge, and Fujise and Reifurth, JJ.)

I.    BACKGROUND

        In this class action suit, Plaintiff-Appellant/Cross-Appellee Jason Kawakami, individually and on behalf of all others similarly situated,[1] claims that Defendant-Appellee/Cross-Appellant Kahala Hotel Investors, LLC dba The Kahala Hotel & Resort ("Kahala Hotel") collected a percent-based service charge from its customers without properly disclosing the hotel's practice of distributing less than 100% of that charge to its employees as "tip income," in violation of disclosure provisions set forth in Hawaii Revised Statute ("HRS") § 481B-14 (2008).

        We address this case on remand from the Hawai'i Supreme Court, which, in *Kawakami v. Kahala Hotel Investors, LLC*, 134 Hawai'i 352, 431 P.3d 558 (2014) ("*Kawakami II*"), vacated this court's decision in *Kawakami v. Kahala Hotel Investors, LLC*, No. CAAP-11-0000594, 2014 WL 1237539 (Hawai'i App. Mar. 25, 2014) ("*Kawakami I*") and held that HRS § 481B-14 required Kahala Hotel

_____

        [1]    This disposition refers to all members of the plaintiff class as "Kawakami" for simplicity's sake.

to disclose to Kawakami its practice of reclassifying the "management share" of service charges to pay for its employee's wages, which are not "tip income." The Hawai‘i Supreme Court remanded for this court to consider Kawakami's remaining points of error.

The facts of the case are set out in *Kawakami II*, 134 Hawai‘i at 354-56, 431 P.3d at 560-62. We consider Kawakami's assertions that the Circuit Court[2/] erred when it: (A) negated the jury's verdict by granting Kahala Hotel's motion for judgment as a matter of law ("JMOL"); and (B) denied Kawakami's motion in limine no. 1, thereby allowing the jury to consider evidence of what Kahala Hotel did with the "management share" of service charges it retained. We affirm.

## II. STANDARD OF REVIEW

We review the Circuit Court's grant of Kahala Hotel's motion for JMOL *de novo* and thus apply the same standard as the trial court. *Aluminum Shake Roofing, Inc. v. Hirayasu*, 110 Hawai‘i 248, 251, 131 P.3d 1230, 1233 (2006) (quoting *Miyamoto v. Lum*, 104 Hawai‘i 1, 6-7, 84 P.3d 509, 514-15 (2004)). "A motion for [JMOL] may be granted only when[,] after disregarding conflicting evidence . . . and indulging every legitimate inference which may be drawn from the evidence in the non-moving party's favor, it can be said that there is no evidence to support a jury verdict in his or her favor." *Ray v. Kapiolani Med. Specialists*, 125 Hawai‘i 253, 262, 259 P.3d 569, 578 (2011) (original brackets omitted) (quoting *Miyamoto*, 104 Hawai‘i at 7, 84 P.3d at 515) (internal quotation marks omitted).

## III. DISCUSSION

A. Kahala Hotel's Motion for JMOL

In support of his first point of error, Kawakami argues that he was "injured by a deceptive practice, and [is therefore] entitled to recover damages, where [Kahala Hotel's deceptive nondisclosure practices] caused [Kawakami] to pay money for something other than what he . . . bargained for," and that the

---

[2/]    The Honorable Gary W.B. Chang presided.

jury correctly calculated damages based on his expected "benefit of the bargain." Kahala Hotel responds that Kawakami failed to present evidence sufficient to satisfy the elements of a claim for relief under HRS § 480-13 (Supp. 2006), which, Kahala Hotel argues, requires plaintiffs to demonstrate that they have sustained some type of economic loss in order to demonstrate "injury." We conclude that the Circuit Court's JMOL in favor of Kahala Hotel was proper because, although Kahala Hotel violated HRS § 480-2 (Supp. 2006), Kawakami failed to establish that he was injured, financially *or otherwise*, as a result of Kahala Hotel's deceptive trade practices, and he therefore failed to establish damages as required by HRS § 480-13(b)(1). Accordingly, we affirm the JMOL.

The prerequisites for bringing an action based on practices made unlawful by HRS § 480-2(a) are set forth in HRS § 480-13. The applicable HRS § 480-13 provision depends, however, on whether the plaintiff alleges that the defendant engaged in unfair methods of competition ("UMOC") or unfair or deceptive acts or practices ("UDAP"). *See Haw. Med. Ass'n v. Haw. Med Serv. Ass'n*, 113 Hawai'i 77, 109, 148 P.3d 1179, 1211 (2006) [hereinafter "*HMA*"] (quoting *Star Markets, Ltd. v. Texaco, Inc.*, 945 F. Supp. 1344, 1346 (D. Haw. 1996) (citations omitted)).[3] Here, Kawakami does not allege that Kahala Hotel's actions constituted UMOC so as to bring the instant action within HRS §§ 480-2(e) and 480-13(a).[4] *See Rodriguez v. Starwood*

---

[3] The Circuit Court failed to distinguish between the tests for UMOC and UDAP claims in this case and analyzed the JMOL motion based on the UMOC test's injury to business or property language, as set forth in §480-13(a):

> In order for Plaintiffs to recover any relief under Chapter 480, they must establish three elements, which includes proof that Defendant Kahala Hotel's violation caused an injury to Plaintiff's business or property. *In other words, Plaintiffs must prove that they sustained or suffered financial or economic loss or harm.*

The implications of this error are discussed more fully, *infra*.

[4] Although the Complaint states that Kahala Hotel's service charge practice "constitutes unfair or deceptive acts or practices in the conduct of a trade or commerce and/or unfair methods of competition," the record reveals no allegations involving competition or any other aspect of an antitrust injury, as required to recover for UMOC. *See Davis v. Four Seasons Hotel, Ltd.*, 122 Hawai'i 423, 440, 228 P.3d 303, 320 (2010) ("to gain standing to sue

*Hotels & Resorts Worldwide, Inc.*, Cv. No. 09-00016 DAE-LEK, 2010 WL 8938524, at *18 (D. Haw. Dec. 29, 2010) ("[T]o satisfy the second element [of a UMOC claim] under § 480-13[(a)], a plaintiff must allege injury in fact [to business or property] *and* the 'nature of the competition.'"); *accord Gurrobat v. HTH Corp.*, 133 Hawai'i 1, 23, 323 P.3d 792, 814 (2014). Therefore, we analyze the instant dispute in light of Hawai'i's UDAP provisions: HRS §§ 480-2(d)[5/] and 480-13(b).[6/] *See Kakinami v. Kakinami*, 127 Hawai'i 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012) (citing *In re Guardianship of Carlsmith*, 113 Hawai'i 236, 246, 151 P.3d 717, 727 (2007)). To maintain a private cause of action for UDAP under HRS § 480-2(d), and to "obtain [monetary] relief under section 480-13(b)(1), a consumer[-plaintiff] must establish three[7/] elements: '(1) a violation of section 480-2; (2) *injury*

---

for UMOC under HRS § 480-2(3), a private plaintiff must separately allege the nature of the competition"); *HMA*, 113 Hawai'i at 114 n.30, 148 P.3d at 1216 n.30 (quoting *Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co.*, 91 Hawai'i 224, 254 n.31, 982 P.2d 853, 883 n.31 (1999), *superseded by statutue*, 2002 Haw. Sess. L. Act 229, § 2 at 916-17, as recognized in *Four Seasons Hotel*, 122 Hawai'i at 427 n.8, 228 P.3d at 307 n.8).

    [5/]    HRS § 480-2(d) establishes that "[n]o person other than a consumer, the attorney general or the director of the office of consumer protection may bring an action based upon [UDAP] declared unlawful by this section." Here, it is undisputed that Kawakami and the rest of the plaintiff class were "consumers" within the meaning of HRS chapter 480.

    [6/]    HRS § 480-13(b) sets forth the forms of recovery available to plaintiffs alleging UDAP under HRS § 480-2(d) and states:

> (b) Any consumer who is injured by any unfair or deceptive act or practice forbidden or declared unlawful by section 480-2:

> > (1)    May sue for damages sustained by the consumer, and, if the judgment is for the plaintiff, the plaintiff shall be awarded a sum not less than $1,000 or threefold damages by the plaintiff sustained, whichever sum is the greater, and reasonable attorney's fees together with the costs of suit . . . ; and

> > (2)    May bring proceedings to enjoin the unlawful practices, and if the decree is for the plaintiff, the plaintiff shall be awarded reasonable attorney's fees together with the costs of suit.

    [7/]    A handful of Hawai'i cases discussing HRS § 480-13(b) appear to require proof of only two elements to pursue recovery under the statute: that plaintiff is (1) a consumer, who (2) was injured. *E.g., Four Seasons Hotel*, 122 Hawai'i at 442, 228 P.3d at 322 (citing *Flores v. Rawlings Co.*, 117 Hawai'i 153, 162, 177 P.3d 341, 350 (2008)). However, these two elements are

*to the consumer* caused by such a violation; and (3) proof of the amount of damages.'" *Compton v. Countrywide Fin. Corp.*, 761 F.3d 1046, 1053 (9th Cir. 2014) (emphasis and footnote added) (quoting *Davis v. Wholesale Motors, Inc.*, 86 Hawai'i 405, 417, 949 P.2d 1026, 1038 (App. 1997)) (original brackets omitted).

The Hawai'i Supreme Court's holding that "Kahala Hotel failed to comply with HRS § 481B-14[,]" *Kawakami II*, 134 Hawai'i at 360, 341 P.3d at 566, establishes that the transactions at issue in this case violate HRS § 480-2(a). *See* Haw. Rev. Stat. § 481B-4; *Four Seasons Hotel*, 122 Hawai'i at 427, 228 P.3d at 307. Kawakami has therefore satisfied the first element required to recover damages for UDAP under HRS § 480-13(b)(1). Accordingly, the remainder of our discussion of Kawakami's first point of error focuses on the final two HRS § 480-13(b) elements: (2) injury caused by the violation, and (3) proof of damages.

1.  UDAP Injury

Kawakami argues that he established an injury caused by Kahala Hotel's § 480-2(a) violation because, with regard to HRS § 481B-14, "[i]t is clear that the legislature believed that consumers are negatively impacted—injured—when they are misled about how their service charge payment is applied." Kahala Hotel responds by insisting that recovery under HRS § 480-13 requires "an injury in the form of economic loss or harm." We hold that the "injury" consumers must prove to recover monetary damages in an action involving HRS §§ 481B-14, 480-2(a)&(d), and 480-13(b)(1) need not be strictly "economic" in nature, but UDAP consumer-plaintiffs must still establish that the defendant's unlawful conduct caused them to suffer a private injury-in-fact beyond merely being deceived. And, based on our discussion below, we hold that Kawakami has failed to demonstrate injury.

As a threshold matter, we reject Kawakami's suggestion

---

practically applied to determine whether a plaintiff has *standing to bring* the § 480-2(d) claim. *E.g.*, *Flores*, 117 Hawai'i at 162, 177 P.3d at 350; *cf. Robert's Haw.*, 91 Hawai'i at 254, 982 P.2d at 883 (stating the three-part UMOC test for recovery under § 480-13(a) as a test plaintiffs must meet "*in order to have standing* to bring a claim for relief" under the statute (emphasis added)). It follows, then, that the three-part, violation-plus-injury-plus-damages test applies to determine whether plaintiffs with standing under HRS § 480-2(d) can *recover damages* under § 480-13(b)(1).

that Kahala Hotel's violation of HRS § 481B-14 is, without more, sufficient evidence of "injury" to support the jury's award under HRS § 480-13(b)(1). *Robert's Haw.*, 91 Hawai'i at 254 n.30, 982 P.2d at 883 n.30 ("[Although] proof of a violation of chapter 480 is an essential element of an action under HRS § 480-13 . . . , forbidden acts cannot be relevant unless they cause [some] private damage." (quoting *Ai v. Frank Huff Agency, Ltd.*, 61 Haw. 607, 618, 607 P.2d 1304, 1312 (1980)). Indeed, such a reading would render the second element of the UDAP test superfluous. Next, we note that HRS chapter 480 does not define the term "injury." *Zanakis-Pico v. Cutter Dodge, Inc.*, 98 Hawai'i 309, 316, 47 P.3d 1222, 1229 (2002) (citing Haw. Rev. Stat. § 480-1). As none of our cases have dealt with injury in this precise context, we look to cases construing "injury" in the UMOC context for guidance. Haw. Rev. Stat. § 1-15(1) (1993).

In a UMOC action, courts have held that the HRS § 480-13(a) "injured in the person's business or property"-requirement is satisfied where, as a result of the defendant's UMOC: plaintiff-employees "alleged that their tip income has been reduced," *Four Seasons Hotel*, 122 Hawai'i at 437, 228 P.3d at 317; plaintiff-medical association group alleged that it "was required to divert substantial resources and time . . . 'that otherwise would go to support its principal mission in service of its members[,]'" *HMA*, 113 Hawai'i at 114, 148 P.3d at 1216; and where "plaintiffs allege[d] that injury occurred to personal property through a payment of money wrongfully induced" under a void promissory note, *Ai*, 61 Haw. at 614, 607 P.2d at 1310 (citing *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979)).

The "injury" required to recover in a UDAP action, on the other hand, is judged by a less stringent standard. *Four Seasons Hotel*, 122 Hawai'i at 435, 440, 228 P.3d at 315, 320 (noting that the UMOC plaintiff must make a more specific and detailed showing of "injury" than her UDAP counterpart). For example, courts considering UDAP cases have held that the HRS § 480-13(b) "injured by" requirement is satisfied where, as a result of the defendant's UDAP: consumer-plaintiff "engaged in prolonged negotiations, incurred transaction costs in providing

and notarizing documents, and endured lengthy delays" in attempting to modify her mortgage loan, only to end up in foreclosure, *Compton*, 761 F.3d at 1057 (denying relief from foreclosure through the UDAP claim on other grounds); and where car shopper-plaintiffs were not misled by defendant's advertisement into making an *actual* purchase, but they nonetheless expended time (in traveling to the lot, test driving the vehicle, and negotiating with the sales agent) and money (between $3.00-and-$5.00 for gasoline) in their *attempt* to consummate the purchase, *Zanakis-Pico*, 98 Hawai'i at 313, 318-19, 47 P.3d at 1226, 1231-32. By comparing the facts that constitute an "injury" in UMOC actions construing HRS § 480-13(a) with those in UDAP actions construing § 480-13(b), we find that, while UDAP plaintiffs must prove that they have suffered some actual harm or loss as a result of the defendant's UDAP, that harm or loss may be either economic or non-economic in nature.[8]

Notwithstanding the comparatively low bar Hawaii courts have set for proving the injury element of a UDAP claim, *Compton*, 761 F.3d at 1053, Kawakami has failed to establish that he is a "consumer who [was] injured by" the negative effects of Kahala Hotel's UDAP. Haw. Rev. Stat. § 480-13(b). In this case, such a non-economic injury could, for example, have taken the form of poor-quality service by the staff at Kawakami's wedding reception, which would support his contention that Kahala Hotel's "deception caused [Kawakami] to pay money for something other than what he . . . bargained for." Kawakami makes no such argument.

Instead, Kawakami's essential argument for benefit-of-the-bargain damages is premised on *Leibert v. Fin. Factors, Ltd*, 71 Haw. 285, 788 P.2d 833 (1990), which held that these types of

---

[8] This interpretation of HRS § 480-13(b)'s injury requirement is also supported by the reason and spirit behind HRS § 481B-14, which serves to protect both employees and consumers who, absent disclosure, are misled "into believing the service charges are being used as a gratuity to employees who provide the services for which consumers believe they are tipping." *Kawakami II*, 134 Hawai'i at 360, 341 P.3d at 566; *see* Haw. Rev. Stat. § 1-15(2) ("The reason and spirit of the law, and the cause which induced the legislature to enact it, may be considered to discover its true meaning"). We therefore hold that Kawakami was not required to show "an injury in the form of economic loss or harm" in order to recover. Haw. Rev. Stat. § 1-15(3) ("Every construction which leads to an absurdity shall be rejected.").

contract damages are generally available under HRS chapter 480 and should be calculated with reference to "put[ting] the plaintiff [back] in the position he would have been had he not been defrauded." *Id.* at 290, 788 P.2d at 837 (ellipsis omitted) (quoting *Ellis v. Crockett*, 51 Haw. 45, 52, 451 P.2d 814, 820 (1969)). However, the Hawai'i Supreme Court has since clarified that benefit-of-the-bargain damages are only available when there has been a breach of contract. *Zanakis-Pico*, 98 Hawai'i at 319, 47 P.3d at 1232 (citations omitted) (holding that plaintiffs were not entitled to recover "benefit-of-the-bargain" damages because there was no contract between the parties in that matter). And here, as discussed in part (III)(A)(2), *infra*, Kawakami has failed to demonstrate that Kahala Hotel breached its event agreement with him. Accordingly, Kawakami's reliance on *Liebert* is misplaced, and that case does not control here. *See State v. Wheeler*, 121 Hawai'i 383, 399, 219 P.3d 1170, 1186 (2009) ("[F]or purposes of stare decisis, the holdings of those cases are limited to the issues that were actually decided by the court, and are not dispositive of the distinct issue presented here." (citing *Webster v. Fall*, 266 U.S. 507, 511 (1995))).

Alternatively, Kawakami simply could have alleged that Kahala Hotel's UDAP wasted his time. *See, e.g.*, *Zanakis-Pico*, 98 Hawai'i at 313, 318-19, 47 P.3d at 1226, 1231-32. However, the evidence Kawakami actually offered below failed to establish that Kahala Hotel's deceptive service charge practices played a role in Kawakami's ultimate decision to hold his event at the hotel, and Kawakami has not alleged that he would have done anything differently if Kahala Hotel had made the requisite HRS § 481B-14 disclosure. *See Compton*, 761 F.3d at 1053 ("[D]eceptive acts 'do their damage when they induce action that a consumer would not otherwise have undertaken,' [so] a consumer who can show 'a resulting injury' is entitled to damages even if the consumer has not actually consummated a particular transaction." (quoting *Zanakis-Pico*, 98 Hawai'i at 317, 47 P.3d at 1230)). Instead, Kawakami testified that: "If I knew prior to my wedding reception that the tip -- the total gratuity that I was paying was not going to the servers, I'm not exactly sure what I would have

done, but I know there would have been questions." Moreover, Kawakami also confirmed that he "had a wonderful reception at the Kahala Hotel." Therefore, Kawakami's allegation that he was deceived and thus did not receive the benefit of his bargain—without any showing of how Kahala Hotel's deception *adversely affected* him or the nature of his agreement with Kahala Hotel, whether economically or otherwise—is insufficient to demonstrate a UDAP "injury." *See Zanakis-Pico*, 98 Hawai'i at 319, 47 P.3d at 1232 (citations omitted). Accordingly, Kawakami has not satisfied the second UDAP element required to recover under HRS § 480-13(b)(1).

### 2. Contract-Based Injury

According to Kawakami, "the conclusion that [Kahala Hotel] engaged in an unfair and deceptive act in trade or commerce," which the Hawai'i Supreme Court affirmed in *Kawakami II*, "*automatically* triggers [HRS §] 480-12 [(Supp. 2006)], which provides that '[a]ny contract or agreement in violation of this chapter is void and is not enforceable at law or in equity.'" Because we find that the required disclosure under HRS § 481B-14 need not take the form of a written provision in an event contract, nor must it necessarily occur *before* parties enter into the contract, we reject Kawakami's alternative argument that Kahala Hotel breached its contract and thereby caused Kawakami to suffer a contract-based injury merely by the fact that the disclosure was not included in the contract.

When the form of statutory disclosure is discretionary, a contract's failure to include the requisite disclosure does not trigger HRS § 480-12's voidness provision. *See 808 Dev., LLC v. Murakami*, 111 Hawai'i 349, 357, 141 P.3d 996, 1004 (2006) (quoting *Jack Endo Elec., Inc. v. Lear Siegler, Inc.*, 59 Haw. 612, 616-17, 585 P.2d 1265, 1269 (1978)). Contrary to Kawakami's assertions, HRS § 481B-14's disclosure requirement is discretionary insofar as hotels and restaurants may choose between either distributing 100% of the service charge monies collected as "tip income" or retaining some (or all) of the funds

9

as long as they "clearly disclose" the practice to consumers.[9]/
*See Rodriguez*, 2010 WL 8938524, at *10 ("Section 481B-14 . . . creates a minimum standard that ensures employees receive gratuity *irrespective* of whether a hotel or restaurant discloses its withholding to its customers." (emphasis added)). Further, HRS § 481B-14 does not specify a form that disclosure must take in order to be "clear" under the statute. *Wadsworth v. KSL Grand Wailea Resort, Inc.*, Civil No. 08-00527 ACK-RLP, 2014 WL 6065875, at *4 (D. Haw. Nov. 12, 2014). As such, Kahala Hotel's failure to make a *written* disclosure in its event agreement with Kawakami does not, in and of itself, render its event agreements—or any portions thereof—*automatically* void and unenforceable.[10]/ *See Flores*, 117 Hawai'i at 169, 177 P.3d at 357 (denying recovery where the provision at issue "d[id] not bear on the validity of the underlying obligation and involved no illegal representations . . . such that payment on the obligation would have caused [p]laintiffs to incur private damages"). Thus, because the

_____

[9]/ Kawakami contends that common law principles require that any disclosure of this kind should be made at the formation of the contractual relationship. *See* Restatement (Second) of Torts § 551(2) ("[W]hen there is a duty to disclose material facts in a business transaction, disclosure must be made before the transaction is consummated."). However, Kawakami has not offered any case law from this jurisdiction to support the proposition that such common law principles apply to the instant dispute. Instead, Kawakami states that, "[w]hen a duty to disclose exists in a business transaction, it is not satisfied by a disclosure made after the transaction is consummated[,]" and cites to *Bair v. Public Serv. Emps. Credit Union*, 709 P.2d 961 (Colo. App. 1985) and *Ralson Purina Co. v. McKendrick*, 850 S.W.2d 629 (Tex. App. 1993), each of which provides little support for the point. Moreover, as discussed in part (III)(A)(1), *supra*, Kawakami has failed to allege that he relied on—or even considered—any representation that Kahala Hotel made about its service charge practices prior to the parties' execution of the event agreement.

[10]/ Analogous cases applying HRS § 480-12 to void a contract have usually done so only where the offending party has violated a statute that, unlike HRS § 481B-14, contains specific *contractual* requirements. *E.g.*, *808 Dev.*, 111 Hawai'i at 357, 141 P.3d at 1004 (holding that a licensed contractor's failure to make *mandatory* disclosures under HRS § 444-25.5(a) rendered the contract at issue "'void and . . . [u]nenforceable at law or in equity' under HRS § 480-12"); *Ai*, 61 Haw. at 617-19, 607 P.2d at 1312 (determining that a contractual "representation that the obligation of the debtor could be . . . increased" was itself a violation of HRS § 443-44(8), which "prohibits a collection agency from making any representation that an existing obligation of a debtor may be increased . . . ," but ultimately denying recovery under HRS § 480-12 after severing the offending provision because plaintiffs remained liable on the note's remaining legal obligations); *cf. Soule v. Hilton Worldwide, Inc.*, 1 F. Supp. 3d 1084, 1096-97 (D. Haw. 2014) (finding that "an express contract or agreement exists between the parties" and holding that the hotel was required to disclose any mandatory booking fees prior to processing plaintiff's non-refundable credit card payment without mentioning invalidating that agreement under HRS § 480-12).

underlying event agreement—standing alone—did not violate the law, and because Kawakami has failed to argue that Kahala Hotel's service charge practices affected his decision to enter into that agreement,[11]/ we agree that Kawakami's payment of the sums pursuant to the agreement did not cause Kawakami injury.

### 3. UDAP Damages

Kawakami's arguments regarding the nature and amount of damages he suffered due to Kahala Hotel's UDAP stem from the alternative, contract-based allegations mentioned above. Because the event agreements between Kahala Hotel and members of the plaintiff class cannot have been void and unenforceable simply based on their omission of a non-mandatory disclosure provision—so therefore Kawakami has failed to establish that he was "injured by" Kahala Hotel's nondisclosure—we need not address Kawakami's contract-based arguments further. *See Zanakis-Pico*, 98 Hawai'i at 319, 47 P.3d at 1232 ("The [plaintiffs] may not, however, recover 'benefit-of-the-bargain' damages, which are preconditioned on the breach of a contract.").

For the reasons discussed above, we affirm the Circuit Court's order granting JMOL in Kahala Hotel's favor.

### B. Kawakami's Motion in Limine No. 1

In his second point of error, Kawakami argues that "[t]he trial court erred when it denied Kawakami's motion *in limine* number 1, which sought to preclude evidence concerning the manner in which [Kahala Hotel] allocated its service charge after it was improperly collected from the members of the Plaintiff Class, and instead allowed the jury to consider the evidence to show the portion of the service charge that was actually distributed to banquet employees as tip income." That is, Kawakami asserts that *because* he was "injured by making the [service charge] payment, the only evidence relevant to damages is the amount of payment [Kahala Hotel] collected under its

_____

[11]/ That is, Kawakami does not assert a claim for fraudulent inducement, which could potentially have entitled him to the type of contract damages he now seeks. *See Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co.*, 116 Hawai'i 277, 285 n.6, 172 P.3d 1021, 1029 n.6 (2007) (stating the elements of a fraudulent inducement claim).

deceptive service clause provision." We disagree.

The evidence Kawakami sought to exclude in the motion in limine no. 1 was relevant to determining whether or not Kahala Hotel's non-disclosure practices violated HRS § 480-2 and was, therefore, admissible. Indeed, considering that the Hawaiʻi Supreme Court has already held, in *Kawakami II*, 134 Hawaiʻi 352, 431 P.3d 558, that Kahala Hotel's use of its retained portion of the service charges triggers the HRS § 481-14 disclosure requirements, we find that evidence of what Kahala Hotel did with the "management share" was indisputably relevant to demonstrating an HRS § 480-2 violation. *See* Haw. R. Evid. Rule 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.") As such, we do not disturb the Circuit Court's denial of Kawakami's motion to exclude it.

V.   CONCLUSION

Based on the foregoing, we affirm the July 15, 2011 "Final Judgment" and the "Order Granting Defendant Kahala Investors, LLC DBA the Kahala Hotel & Resort's Renewed Motion for Judgment as a Matter of Law, filed February 8, 2011," entered in the Circuit Court of the First Circuit.

DATED:   Honolulu, Hawaiʻi, December 23, 2015.

On the briefs:

John F. Perkin and
Brandee J.K. Faria
(Perkin & Faria)
for Plaintiff-Appellant/
Cross-Appellee

David J. Minkin,
Lisa W. Cataldo, and
Dayna H. Kamimura-Ching
(McCorriston Miller Mukai
MacKinnon LLP)
for Defendant-Appellee/
Cross-Appellant.

Presiding Judge

Associate Judge

Associate Judge